## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DUANE L. MOORE,**

**Petitioner,**

**Civil Case No. 14-cv-363-DRH**

**v.**                                          **Criminal Case No. 11-cr-30188-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.    Introduction

This matter is before the Court on petitioner Duane L. Moore's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). The government filed its response in opposition of Moore's § 2255 petition (Doc. 3). Thereafter, Moore filed a reply (Doc. 5). Moore also filed a motion to supplement his original proceeding to add a claim challenging the magistrate judge's acceptance of his guilty plea (Doc. 8). For the following reasons, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** [1].

---

[1]   Having examined the record, the Court concludes Moore's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

## II.   <u>Background</u>

On October 19, 2011 the grand jury indicted Petitioner Duane L. Moore with a single count indictment charging him with distribution of cocaine base (*USA v. Moore,* 11-cr-30188, (Doc. 1)). Following arraignment, the Federal Public Defender's Office was appointed to represent Moore. Following the FPD's withdrawal on December 20, 2011, Moore was appointed CJA Panel Attorney William D. Stiehl , Jr. to represent him (Doc. 16).

Moore pleaded guilty to distribution of cocaine base on January 30, 2012 (Cr. Doc. 20). That same day, the parties filed a stipulation of facts (Cr. Doc. 22). On May 4, 2012, Moore was sentenced to 216 months' imprisonment (Cr. Doc. 30). Because the government filed an information charging Moore with multiple prior felony convictions, Moore's sentence included a career offender enhancement. Thereafter, on May 8, 2012, Moore filed a notice of appeal (Cr. Doc. 37). A. Brian Threlkeld was then appointed as appellate counsel to represent Moore on appeal (Doc. 44).

On Appeal, Moore argued that it was error to set his maximum term of imprisonment to 30 years because it was not mentioned in the indictment. As the Seventh Circuit stated, 21 U.S.C. § 851 "does not require such a mention; all it requires is an information filed "before entry of a plea of guilty." That occurred, and the effect of the information was discussed in open court before Moore entered his plea. (*United States v. Moore*, No. 12-2127, Doc. 26) (7th Cir. March 19, 2013).

On June 17, 2013, the Seventh Circuit issued a mandate dismissing Moore's appeal and stating that, "[i]n light of counsel's memorandum indicating that Moore remains content with his plea of guilty after discussing the issue identified in our order of March 19, we accept the Anders filing, allow counsel to withdraw, and dismiss the appeal as frivolous" (Cr. Doc. 54-1).

Subsequent to the dismissal of his appeal, on March 20, 2014, Moore filed his petition seeking relief under 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition and supplement, Moore raises two claims: (1) ineffective assistance of counsel for failing to raise certain objections to the PSR at sentencing; and (2) constitutional challenge to the validity of Moore's guilty plea before the magistrate judge.[2]

### III.   Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, relief under Section 2255 is "reserved for extraordinary situations,"

---

[2] Moore's challenge surrounding his guilty plea comes following the Seventh Circuit's decision in *United States v. Harden,* 758 F.3d 886 (7th Cir. 2014). Although Moore does not mention *Harden* by name in his petition, the Court will construe this argument to include a *Harden* claim.

*Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007)*.*

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995).   A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Moore raises two claims, one of which he purports to be a claim of ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's

unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). The Court now turns to Moore's claims.

## IV.   <u>Argument</u>

### a. *Claim 1: Petitioner's Attorney Was Not Ineffective for Failing to Object to the Consideration of Prior Convictions For Purposes of Career Offender Status*

Petitioner Moore's first ground for relief asserts a claim for ineffective performance by his attorney for failing to object to the application of prior felony convictions in considering Moore's career offender status under *Taylor v. United*

*States*, 495 U.S. 575 (1990). In response, the government argues that Moore's reliance on *Taylor* is misplaced and in fact, *Taylor* does not affect any of Moore's Career Offender predicates.

*Taylor* set forth a general rule for classifying burglary convictions under the Armed Career Criminal Act ("ACCA"). Because the text of the ACCA does not define "burglary," *Taylor* held that sentencing courts must compare the elements of the predicate conviction (whether or not formally labeled "burglary") with the elements of "generic burglary." 495 U.S. at 599–600. In this case, none of Moore's predicate convictions related to robbery.

However, even with setting aside case number 01-CF-2163, the PSR identified multiple convictions in Mr. Moore's record that qualify as crimes of violence or controlled substance violations: Unlawful Discharge of a Firearm (01-CF-376); Unlawful Delivery of a Controlled Substance (01-CF-3063, 01-CF-3065, 01-CF-3068 and 01-CF-3069); and Unlawful Delivery of a Controlled Substance within 1,000 feet of a Church (08-CF-1650) (Cr. Doc. 24).

Section 4B1.1 provides that "a defendant is a career offender if (1) he is at least eighteen years old at the time he committed the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either "a crime of violence or a controlled substance offense." UNITED STATES SENTENCE COMMISSION, GUIDELINES MANUAL, § 4B1.1(a)(Nov. 2015). The Guidelines provide clear guidance that convictions which satisfy the

aforementioned factors qualify as a "prior felony conviction" for purposes of determining a defendant's career offender status. *Id.* at , § 4B1.2, n. 1. Moore's prior convictions, noted above, qualify for a career offender classification, as set forth by the Commission.

Moore argues that his counsel should have raised a "*Taylor* objection" at sentencing regarding Moore's classification as a career offender. However, based on Moore's prior convictions, and the *Taylor* holding, his attorney would have known that an argument based on *Taylor*'s interpretation of "burglary" would have no bearing on Moore's sentence. The fact that counsel did not object to the prior drug convictions when calculating career offender status does not establish ineffective assistance of counsel under either prong of *Strickland*. See *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) ("A defendant's lawyer has no duty to make a frivolous argument."). In fact, Moore's arguments are not suggestive of either prong of *Strickland*.

Based on the law of this Circuit, a defendant's attorney has no duty to make a frivolous argument to the Court. See *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Therefore, it is clear that Moore's ineffective assistance of counsel claim here is meritless. This same sentiment was conveyed by the Seventh Circuit during Moore's appeal:

> "The career offender Guideline says that two prior convictions for drug offenses or crimes of violence suffice. So there is no colorable ground on which to contest the career-offender enhancement. And, since Moore's sentence lies within a properly calculated range, it is presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007). Counsel rightly concludes that the district judge could

not plausibly be accused of ignoring or misapplying the statutory factors. See 18 U.S.C. §3553(a)."

(*United States v. Moore*, No. 12-2127, Doc. 26) (7th Cir., March 19, 2013).

Accordingly, the issue surrounding his career offender status was raised and denied on appeal, thus barring relief at this juncture. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). Moore's claim for ineffective assistance of counsel also fails, because Moore presents no evidence that the outcome of the proceeding would have been different, or that he was prejudiced by the information and advice from his attorney.

Ultimately Moore's challenge of his career offender status was denied by the Seventh Circuit because Moore's criminal history included more than enough convictions to qualify him as a career offender. The Court noted Moore's long history of drug offenses, criminal violence, and difficulty in complying with post-judgment supervision. As a result, any objection to the career offender enhancement would not have changed the outcome of the proceedings. Therefore, given the strong presumption that Moore's attorney rendered adequate representation of his client in this case, and on the basis of the above, Moore's first ground for relief is denied.

**b. Claim 2: Validity of Magistrate Judge's Acceptance of Moore's Guilty Plea**

Moore next seeks relief alleging that the United States Magistrate Judge was without authority to accept his guilty plea. Moore raised this argument in his supplement to the petition (Doc. 8).   Moore argues that the United States Magistrate Judge lacked statutory authority to take his felony guilty plea.

In *United States v. Harden*. 758 F.3d 886 (7th Cir.2014), , the Seventh Circuit determined that, under the Federal Magistrates Act, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." *Harden,* 758 F.3d at 888–91. In the instant case, Moore's plea of guilty to distribution of cocaine base was accepted by a magistrate judge. However, for the reasons discussed below, *Harden* does not provide a basis for relief in the instant case.

*Harden* does not announce a new rule of criminal procedure. Rather, *Harden* concluded that the disputed procedure violated already existing rules in the Federal Magistrates Act. *Harden* is premised on longstanding Supreme Court precedents that were available to Moore at the time he filed his appeal. See, e.g., *Peretz v. United States*, 501 U.S. 923, 931–33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, Moore could have asserted on direct appeal (as did Harden) that allowing a magistrate to accept his plea of guilty violated the Federal Magistrates Act. As Moore failed to raise this issue on direct appeal, the claim has been waived during his collateral attack. See 28 U.S.C. § 2255; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1997)(A Section 2255 petition cannot raise nonconstitutional issues that could have been but were not raised on direct  appeal); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997) ("Nonconstitutional claims like this one,

which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account.").

Although the Seventh Circuit has recognized Section 2255 as the proper vehicle for bringing a *Harden* claim, *United States v. Burgard*, 675 F.3d 1029 (7th Cir.2012) cert. denied, 133 S.Ct. 183, 184 L.Ed.2d 92 (2012), the Court notes that Moore exhausted his direct appeal without raising the *Harden* issue until now. As mentioned above, *Harden* is premised on longstanding Supreme Court precedents that were available to Moore at the time he filed his appeal. Therefore, Moore's *Harden* claim was ripe at the time of his direct appeal, but he failed to raise the issue.  Therefore Moore is barred from said relief during his collateral attack. Accordingly, Moore's second ground for relief is denied.

## V.   Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).  For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to Moore's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of ineffective assistance of counsel and the claims do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Further, the Court finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c) and, thus, **DENIES** a certificate of appealability.

## VI.   Conclusion

For the reasons as discussed herein, Moore's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1), and Moore's claims are **DISMISSED WITH PREJUDICE**. The Court shall not issue a certificate of appealability. Furthermore, the Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 26th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.26 10:46:24 -05'00'

**United States District Judge**