IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE L. MOORE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                    Civil Case No. 14-cv-363-DRH

MEMORANDUM & ORDER

HERNDON, District Judge:

Pending before the Court is petitioner Duane L. Moore's motion for issuance of certificate of appealability (Doc. 13). Specifically, Moore argues that the Court erred when denying his § 2255 petition with regard to (1) his claim of ineffective assistance of counsel under *Taylor v. United States*, 495 U.S. 575 (1990) in relation to Moore's career offender status; (2) the denial of an evidentiary hearing, (3) and Moore's challenge to the validity of the magistrate judge's acceptance of his guilty plea.[1] For the reasons stated below, the Court denies Moore's motion.

---

[1] Moore previously filed a motion to alter or amend judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e) citing the same arguments as his basis for relief (Doc. 11). The Court denied the motion upon finding that Moore failed to demonstrate a manifest error of law (Doc. 13).

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner cannot appeal a dismissal of his habeas petition unless he obtains a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1). A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Evans v. Circuit Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, (2000)). While a petitioner need not show that his appeal will succeed, he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In this case, the undersigned finds no basis for a determination that the decision to dismiss petitioner's claims was debatable or incorrect. Petitioner asserted two claims that were procedurally defaulted.[2] Furthermore, the Court

---

[2] Moore's challenge of his career offender status was denied by the Seventh Circuit because his criminal history included more than enough convictions to qualify him as a career offender. *United States v. Moore*, No. 12-2127, Doc. 26 (7th Cir., March 19, 2013). With

noted that Moore's reliance on *Taylor v. United States*, 495 U.S. 575 (1990), as a basis for relief, was misplaced, given that *Taylor* does not affect any of Moore's Career Offender predicates.

Looking now to Moore's arguments surrounding his request for an evidentiary hearing, the Court will once again reiterate, as it has done in two previous orders, the basis for denying the hearing request. Upon thorough review of the record in this case, the record conclusively proved that Moore was not entitled to an evidentiary hearing because he was clearly not entitled to relief on his § 2255 petition. See *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255). Accordingly, the undersigned finds no basis for a determination that its decision to dismiss Moore's claims was debatable or incorrect. The Court certifies that Moore's claims are not debatable among jurists of reason, and that he could not make a substantial showing under 28 U.S.C. § 2254 of a denial of a constitutional right.

Therefore, for the reasons discussed above, in the Court's Order dismissing the § 2255 petition (Doc. 9), and the Order denying Moore's motion

---

the issue surrounding his career offender status having been raised and denied on appeal, that bars relief at this juncture. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Moore's challenge to Magistrate Judge's authority to accept his guilty plea was procedurally barred because he exhausted his direct appeal without raising the *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014) issue. *Harden* is premised on longstanding Supreme Court precedents that were available to Moore at the time he filed his appeal.

to alter or amend judgment pursuant to FED. R. CIV. P. 59(e) (Doc. 12), the Court concludes that Moore has not made the requisite showing to support issuance of a Certificate of Appealability and his motion is **DENIED** (Doc. 13).

**IT IS SO ORDERED.**

Signed this 28th day of July, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.07.28
19:55:00 -05'00'

**United States District Judge**