IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE L. MOORE,

Petitioner,

v.                                                    Civil Case No. 14-cv-363-DRH

UNITED STATES OF AMERICA,

Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner Duane L. Moore's motion for leave to appeal *in forma pauperis* (Doc. 20). The Court previously denied Moore's 28 U.S.C. § 2255 petition, dismissed his case with prejudice, and declined to issue a certificate of appealability (Doc. 9). Judgement reflecting the same was entered on May 31, 2016 (Doc. 10). On July 27, 2016, Moore filed a notice of appeal (Doc. 8). Following his notice of appeal, on August 22, 2016, Moore erroneously filed his motion for leave to appeal *in forma pauperis* before the Seventh Circuit. Thereafter, the motion was transferred to this Court for a ruling (Doc. 19). Based on the following, the Court denies the motion for leave to appeal *in forma pauperis* (Doc. 20).

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment

of fees and costs. See FED. R. APP. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. See *id*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the Court finds that Moore's appeal is not taken in good faith. In denying and dismissing Moore's 28 U.S.C. § 2255 petition, the Court found that Moore's claims do not warrant relief and declined to issue a certificate of appealability. Specifically, the Court found that Moore's ineffective assistance of counsel claim was without merit and his claim under *United States v. Harden,* 758 F.3d 886 (7th Cir.2014) was procedurally barred because Moore exhausted his direct appeal without raising the *Harden* issue. Moore also filed a motion for issuance of certificate of appealability (Doc. 13), which the Court once again denied (Doc. 14), as was done in the order denying Moore's 28 U.S.C. § 2255 petition. Specifically the Court certified that Moore's claims are not debatable

among jurists of reason, and that he could not make a substantial showing under 28 U.S.C. § 2254 of a denial of a constitutional right.

Therefore, under the Rule 24 standard, the Court cannot say that Moore's motion for leave to appeal *in forma pauperis* is in good faith. Moore's appeal is thus determined to be in bad faith and he has failed to meet the requirements of Fed. R. App. P. 24(a)(1). Accordingly, his motion is **DENIED**. Moore shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court on or before **September 13, 2016**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.23 09:40:55 -05'00'

**United States District Judge**